IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGIS HIGGINS, #R-66358 and )
CALVIN MERRITTE, #R-53322, )
                              )
        Plaintiffs,            )
                              ) CASE NO. 12-cv-263-JPG
vs.                           )
                              )
C/O KESSELL, C/O GANGLOFF, and )
MARC HODGE,                   )
                              )
        Defendants.            )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    This matter is before the Court for case management. This is a joint action, with Plaintiff Merritte being considered the lead Plaintiff, due to his having filed the original complaint (Doc. 1) prior to the submission of the jointly signed complaint by Plaintiff Higgins (Doc. 7).

    On April 11, 2012, the Court ordered Plaintiff Higgins to respond within 21 days (by May 2, 2012) to inform the Court whether he wanted to continue as a joint Plaintiff in the present action (Doc. 11). He was advised that if he chose not to participate further in this case, he would be dismissed and would not be charged a filing fee. Alternatively, if he did not respond, the Court would continue to consider him a co-Plaintiff. The deadline has now passed, and Plaintiff Higgins has filed no response with the Court to date.

    Plaintiff Merritte, however, has filed a motion to sever (Doc. 13) pursuant to Federal Rule of Civil Procedure 21, in which he states that his separation from Plaintiff Higgins by prison officials has made it impossible for them to litigate the matter jointly or to obtain both Plaintiffs'

signatures on pleadings or other papers. Plaintiff Merritte thus requests that Plaintiff Higgins be dismissed from this action so that each Plaintiff may pursue his claims individually in a separate case.

**Plaintiff Merritte's Motion to Sever (Doc. 13)**

Plaintiff Merritte's motion to sever (Doc. 13) shall be **GRANTED**. Further, because Plaintiff Higgins has not informed the Court that he desires to withdraw his claims, those claims shall be severed and filed as a new action under a new case number, where a new filing fee shall be assessed.

**IT IS HEREBY ORDERED** that Plaintiff **HIGGINS** is terminated from this case.

**IT IS FURTHER ORDERED** that Plaintiff **HIGGINS'** claims are **SEVERED** into a new case. That new case shall be: **REGIS HIGGINS, PLAINTIFF** against **DEFENDANTS C/O KESSEL, C/O GANGLOFF,** and **MARC HODGE.**

In Plaintiff **HIGGINS'** new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order;

(2) The Amended Complaint (Doc. 7) and all accompanying Exhibits;

(3) The pending motion for preliminary injunction and temporary restraining order (Doc. 8);

(4) Plaintiff Higgins' pending motion for leave to proceed in forma pauperis (Doc. 9);

(5) The Memorandum and Order of April 11, 2012 (Doc. 11);

(6) The Consent/Non-Consent to U.S. Magistrate Judge (sealed) (Doc. 12).

After the new case is opened, Plaintiff Higgins' pending motions shall be addressed in

separate orders. Plaintiff Higgins is reminded that the Court has not yet conducted the required preliminary review under 28 U.S.C. § 1915A on the operative complaint (Doc. 7). After the Clerk advises Plaintiff Higgins of his new case number, he may tender a second amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1. If Plaintiff Higgins chooses not to submit a second amended complaint, the Court shall review Plaintiff Higgins' claims in the existing complaint (Doc. 7). No Defendants shall be served with the operative complaint unless the Court determines that the claims merit further review.

**Plaintiff Merritte's Motion for Leave to File Amended and Supplemented Complaint (Doc. 14)**

In anticipation of the severance of his and Plaintiff Higgins' claims, Plaintiff Merritte has tendered a proposed amended complaint, accompanied by his motion for leave to file the same. The proposed amended complaint adds three new Defendants. In addition to Plaintiff's original claims of retaliation, the amended complaint describes further acts of retaliation against him. Plaintiff states that the Defendants' actions were in retaliation both for his protected activity described in the original complaint, as well as for filing new grievances and for filing the instant lawsuit. He further states that all Defendants conspired to retaliate against him because of his protected activity.

Plaintiff Merritte's motion (Doc. 14) is **GRANTED.** The Clerk is **DIRECTED** to file the proposed amended complaint as Plaintiff Merritte's Second Amended Complaint, and shall add the following Defendants as parties to this action: **C/O J. FREEMAN, C/O TATE,** and **C/O BREEDEN.** Plaintiff Merritte is advised that his other pending motions shall be addressed in separate orders, and that the Court has not yet conducted the required preliminary review of his

complaint under 28 U.S.C. § 1915A. No Defendants shall be served with the complaint unless the Court determines that the claims merit further review.

To clarify, the only claims remaining in this original action are those of **PLAINTIFF CALVIN MERRITTE** against **DEFENDANTS C/O KESSEL, C/O GANGLOFF, MARC HODGE**, **C/O J. FREEMAN, C/O TATE** and **C/O BREEDEN.**

The Clerk is **DIRECTED** to forward a copy of this order to Plaintiff Merritte and Plaintiff Higgins.

**IT IS SO ORDERED.**

**DATED:   May 14, 2012**

                                           *s/J. Phil Gilbert*
                                           **United States District Judge**