IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGIS HIGGINS,** )<br>)<br>         **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**C/O KESSELL, et al.,** )<br>)<br>         **Defendants.** ) | Civil Case No. 12-632-JPG-PMF |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion to dismiss (Doc. No. 20). Plaintiff Regis Higgins is an inmate at Lawrence Correctional Center. He is proceeding on § 1983 claims, challenging the conditions of his prison confinement. Defendants James Kessell, Andrew Gangloff, and Marc Hodge seek dismissal without prejudice, charging that Higgins filed this action without first complying with the statutory exhaustion requirement. The motion is opposed (Doc. Nos, 28, 29). A reply is on file (Doc. No. 30).[1]

A federal complaint requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even so, the factual allegations must

---

[1] Plaintiff's opposing brief is tardy and the reply is insufficient. See Doc. No. 27; SDIL-LR 7.1(c)(requiring the party filing a reply to state exceptional circumstances). Those defects are excused for purposes of this Report.

be plausible; there must be enough specific information to raise a right to relief above the speculative level. *Id*. A plaintiff who pleads facts showing that he has no viable claim may plead himself or herself out of court. *McCready v. eBay, Inc*., 453 F.3d 882, 888 (7th Cir. 2006).

This suit is subject to the Prison Litigation Reform Act, which provides in pertinent part that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

In Illinois, the grievance process usually includes multiple levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq.

In some circumstances, administrative remedies may not be "available" to the prisoner. For example, a procedure is not available if prison officials interfere or refuse to provide the forms needed to initiate or complete the procedure. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). The "availability" of a remedy is not what appears to be on paper, but whether the process was in reality open for use. *Kaba v. Stepp*, 458 F.3d. 678, 684 (7th Cir. 2006).

The Court has considered the allegations in the Complaint (Doc. No. 2) in conjunction with Higgins' testimony at the October 2, 2012, evidentiary hearing. From these materials, the

Court finds that Higgins filed two grievances.  One grievance complained about defendant Kessell's conduct and the other grievance sought a transfer.  Both grievances were pending at the institutional level when Higgins filed this litigation.  At some point, Higgins' grievances were considered and denied at the institutional level.  When Higgins testified at the evidentiary hearing, he explained that he had appealed the denial of his grievances and was awaiting review by prison officials in Springfield, Illinois (See Doc. No. 19, p. 2).

Higgins argues that administrative remedies were not available, describing defects in prison grievance procedures (Doc. No. 29).  The Court is satisfied that Higgins filed this litigation before he gave the administrative remedy procedure a chance to work.  *See Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)(administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with appeals).  In these circumstances, defects in the grievance proceedings do not alter the fact that Higgins initiated this litigation before he obtained a decision on his grievances and pursued appeals.

IT IS RECOMMENDED that defendants' motion (Doc. No. 20) be GRANTED.  This action should be dismissed without prejudice for Higgins' failure to exhaust administrative remedies.

SUBMITTED:   March 26, 2013  .

    s/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE